IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Robert Caprel | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| **Select Loan Servicing** | ) | |
| 8742 Lucent Blvd. | ) | |
| Highlands Ranch, CO 80129 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3. Plaintiff, Robert Caprel (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4. Plaintiff is a resident of the State of Illinois.

5. Defendant, Select Loan Servicing, Inc. is a Colorado business entity with an address of 8742 Lucent Blvd. Highlands Ranch, Co 80129 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

6. Unless otherwise stated herein, the term "Defendant" shall refer to Select Loan Servicing.

7. Defendant uses instruments of interstate commerce for its principal

purpose of business, which is the collection of debts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8. The Plaintiff originally had a Mortgage lien with an original mortgage provider (hereinafter "Creditor").
9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)
10. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
11. Specifically, this debt was purchased by the Defendant when Plaintiff was in default of his mortgage, making Defendant a Debt Collector under 11 U.S.C. Section 1692a(6).
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. Plaintiff filed for Chapter 7 Bankruptcy Relief on October 31, 2014.
14. Plaintiff was given a full and successful Discharge of this Debt under 11 U.S.C. Section 727 on February 18, 2015.
15. Defendant was fully aware of paragraphs of 13 and 14.
16. In June, 2015, Defendant made at least two collection calls to Plaintiff, specifically demanding payment on this Discharged Debt.
17. In addition, Defendant sent Plaintiff a letter threatening that if, Plaintiff's Lawyer did not confirm within 45 days that Plaintiff was represented by an Attorney, direct collection activities against Plaintiff would continue. See Exhibit A.
18. Moreover, on June 10, 2015, Defendant sent Plaintiff a letter in connection with the collection of a debt, modeled like the letter sent to the Plaintiff in *Gburek vs. Litton Loan Servicing*, 614 F.3d 380 (7th Cir. 2010). See Exhibit B.
19. Defendant sent this collection letter even though Defendant had actual knowledge that Defendant was in a Chapter 7 Bankruptcy.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. Section 1692c in that Defendant contacted the Plaintiff to collect on the debt even though it was aware that Plaintiff had an Attorney representing him for this matter.

22. The Defendant's conduct violated 15 U.S.C. Section 1692e in that the Defendant used false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

27. Plaintiff demands the following relief:
    a. Judgment against Defendant, awarding the Plaintiff actual damages.
    b. Judgment against each of the Defendant, awarding the Plaintiff Statutory damages
    c. Judgment against Defendant, awarding the Plaintiff recovery of the costs of litigation and reasonable attorney's fees;
    d. Judgment against Defendant, awarding the Plaintiff punitive damages in such amount as is found appropriate; and
    e. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff